PROB 12C
(7/93)

# United States District Court
## for
## District of New Jersey
## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Timothy Lloyd                                   Cr.: 2:98CR00061-001

Name of Sentencing Judicial Officer: William H. Walls

Date of Original Sentence: 2/26/02

Original Offense: Fraud activity connected with computers 18:1030(a)(5)(A)&2.f

Original Sentence: 41 months custody and three years supervised release; Special conditions: no new credit, financial disclosure, $2,046,394.00 restitution.

Type of Supervision: Supervised Release                     Date Supervision Commenced: 4/11/06

Assistant U.S. Attorney: V. Grady O'Malley                  Defense Attorney: Edward Crisonino

### PETITIONING THE COURT

[ ] To issue a warrant
[X] To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The offender has violated the special condition of supervision which states 'The defendant is prohibited from incurring any new credit charges or opening additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with a payment schedule for any fine or restitution obligation. The defendant shall not encumber or liquidate interest in any assets unless it is in direct service of the fine or restitution obligation or otherwise has the express approval of the court.' Specifically, the offender reported that he received $50,000 from an auto accident pay-out but did not apply the money towards his restitution. |

I declare under penalty of perjury that the foregoing is true and correct.

By: Erika M. Arnone
U.S. Probation Officer
Date: 12/3/07

THE COURT ORDERS:

[✓] The Issuance of a Summons. Date of Hearing: 28 Jany 2008
[ ] The Issuance of a Warrant
[ ] No Action
[ ] Other

Signature of Judicial Officer

10 Jany 2008
Date

**UNITED STATES DISTRICT COURT**
PROBATION OFFICE
**DISTRICT OF NEW JERSEY**

CHRISTOPHER MALONEY
CHIEF PROBATION OFFICER

THOMAS S. LARSON
SUPERVISING PROBATION OFFICER

January 8, 2008

200 FEDERAL PLAZA
ROOM 130
P.O. BOX 2097
PATERSON, NJ 07509-2097
(973) 357-4080
FAX: (973) 357-4092
www.njp.uscourts.gov

Honorable William H. Walls
Martin Luther King Jr. Federal Building and Courthouse
P.O. Box 0999
Newark, New Jersey 07102

RE: Lloyd, Timothy
DKT: 2:98CR00061-001
**VIOLATION OF SUPERVISED RELEASE**

Dear Judge Walls:

On February 26, 2002, the offender appeared before Your Honor for sentencing for a Computer Sabotage offense. Mr. Lloyd was sentenced to 41 months of imprisonment, followed by 36 months of supervised release. He was also ordered to pay restitution in the amount of $2,046,394.

Our office in the District of Delaware assumed supervision of this case on April 17, 2006, as Lloyd was a resident of their state. On October 24, 2007, we received correspondence from the District of Delaware, United States Probation Officer (USPO) Angelica Lopez, requesting that we notify the Court of Lloyd's non-compliance with the conditions of supervision. We have attached a copy of this letter for Your Honor's convenience.

Initially, Lloyd appeared compliant with the conditions of supervision. He maintained a stable home life, as well as gainful employment. The offender was also compliant with paying restitution as ordered by the Court.

U.S. Probation Officer Lopez observed on Lloyd's August 2007 monthly supervision report that he claimed receipt of $50,000, in addition to his regular monthly income. During an October 23, 2007 interview with the offender, he reported that the $50,000 was a settlement from an auto accident that occurred while he was out on bail for the current case. Upon receipt of the money, Lloyd stated that he paid off his daughter's student loans, totaling $15,340, as well as various credit cards and attorney fees relating to this casel. Furthermore, the offender stated that the remaining portion of his funds is located in his bank account which has a balance of $30, 180.81.

U.S. Probation Officer Lopez informed the offender that he was in violation of the conditions of supervision, specifically, **"the defendant shall not encumber or liquidate interest in any assets unless it is in direct service of the fine or restitution obligation or otherwise has the expressed approval of the Court."** Upon being advised of the violation, Lloyd claimed that he was unaware of the requirement to apply the money received from the settlement toward the outstanding restitution balance.

As indicated in the Judgment, the offender is in violation of the terms of his supervision. We are respectfully requesting that Your Honor issue a summons for Lloyd to appear before the Court, for Your Honor's consideration as to if the remaining balance he received from the accident settlement should be applied toward the outstanding restitution obligation. If any further information is desired, I can be reached at (973) 357-4183.

Respectfully submitted,

CHRISTOPHER MALONEY, Chief
U.S. Probation Officer

By: Erika M. Arnone
U.S. Probation Officer

/ema